867 A.2d 1158

IN THE MATTER OF DAVID E. WOLFSON, AN ATTORNEY AT LAW (ATTORNEY NO. 00490–1992).

February 28, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–229, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14(a)(4), **DAVID E. WOLFSON** of **THORNWOOD, NEW YORK**, who was admitted to the bar of this State in 1992, should be suspended from the practice of law for a period of one year based on discipline imposed in the State of New York for multiple instances of gross neglect, lack of diligence, failure to account for client funds, and failure to return client funds promptly, conduct that in New Jersey constitutes violations of *RPC* 1.1(a), *RPC* 1.3, and *RPC* 1.15(a),(b) and (d);

And the Disciplinary Review Board having further concluded that respondent should be required to practice law under supervision when reinstated to practice in New Jersey;

And respondent having failed to appear on the return date of the Order to Show Cause issued in this matter;

And good cause appearing;

It is ORDERED that **DAVID E. WOLFSON** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective March 23, 2005; and it is further

ORDERED that respondent shall not be reinstated to practice in New Jersey unless and until reinstated in New York; and it is further

ORDERED that on reinstatement to practice, respondent's practice of law in New Jersey shall be under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.